IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIAN BEARDSLEY VELASQUEZ )<br> )<br>       Plaintiff,                   )<br> )<br> -vs-                                  )<br> )<br>ANDREW M. SAUL,             )<br> )<br>       Defendant.            ) | Civil Action 20-43 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Vivian Beardsley Velasquez ("Velasquez")[1] brought this action *pro se* for review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 423, 1382c. Beardsley alleges a disability beginning in September 2015 due to fibromyalgia and back issues. (R. 158-62, 192) She appeared at a hearing before an Administrative Law Judge ("ALJ") during which both she and a vocational expert ("VE") testified. Ultimately, the ALJ denied benefits. Velasquez subsequently filed a Request for Review with the Appeals Council.  The Appeals Council denied the request.  She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 17 and 18.

---

[1] At different points in the administrative record the Plaintiff is referred to as "Vivian Beardsley" and "Vivian Beardsley Velasquez." I will use the name as it appears in the administrative record in this case.

**Opinion**

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was

rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ concluded that Velasquez was under a disability, as defined by the Social Security Act, from September 10, 2015 through January 23, 2017. (R. 51) Velasquez was awarded benefits for that time period and does not appeal the ALJ's finding in this respect. Instead, she takes issue with the ALJ's findings that her health improved as of January 24, 2017 such that she is not entitled to a continuation of benefits. Consequently, I will limit my review of the ALJ's findings to this time period.

At step one, the ALJ determined that Velasquez had not engaged in substantial gainful activity since the alleged onset. (R. 48) At step two, the ALJ concluded that Velasquez has had the following medically determinable impairment(s): lumbar degenerative disc disease, fibromyalgia, obesity, hypothyroid disorder, thyroid nodules, depression, and anxiety. (R. 53) At step three, the ALJ found that those impairments, considered singly or in combination, do not meet or medically equal the severity of a listed impairment. (R. 53-54) The ALJ then determined that, as of January 24, 2017, Velasquez had the residual functional capacity ("RFC") to perform sedentary work, with

certain restrictions. (R. 54-56) At the fourth step, the ALJ concluded that Velasquez could not perform her past relevant work as a Spanish teacher. (R. 56) The ALJ nevertheless found Velasquez capable of performing other work in significant numbers in the national economy and so found her not disabled. (R. 56-57)

   III. <u>Discussion</u>

Velasquez takes issue with the ALJ's findings that her medical impairments had improved such that she was no longer entitled to benefits as of January 24, 2017. After careful consideration, I find that substantial evidence supports the ALJ's finding. For instance, Velasquez contends that she continues to suffer from debilitating mental health issues but, as the ALJ noted, she does not attend specialized mental health treatment. (R. 53, 55, 192, 817-819) Indeed, she has consistently refused psychiatric treatment. (R. 55, 764, 817-819) Rather, she sees her pastor for counseling. She has also reported to her primary care physician that this counseling has aided in minimizing her feelings of depression and anxiety. (R. 53, 815) Further, Velasquez was noted to have demonstrated normal mood, orientation, behavior and affect during medical examinations, as well as good thought content, good memory, and good judgment. (R. 649, 745, 756, 802, and 818). Additionally, the RFC limits Velasquez to unskilled work in order to accommodate her mental health issues.

With respect to her physical impairments, Velasquez admitted that her hyperthyroidism and Hashimoto's disease were being treated adequately with medication. (ECF 17, p. 8) In terms of her fibromyalgia, she has not returned to her rheumatologist and has not fully complied with her primary care physician's recommendations in this respect. (R. 54) For instance, she declined to continue seeing

her fibromyalgia specialist because she did not want to travel that far. (R. 816) As the ALJ inferred, this suggests that her symptoms are not as severe as she represents. As to her back pain, substantial evidence supports the ALJ's conclusion that Velasquez's condition significantly improved following a November 2016 surgery to repair a disc herniation. At a post-operative follow-up in January 2017, Velasquez demonstrated full-strength in both her upper and lower extremities. (R. 54, 791) She reported to her primary care physician that her pain had "significantly improved" since surgery and she described her back pain as "mild." (R. 733) Additionally, based upon her medical records, it appears as though she did not receive any further specialized treatment for back issues. Consequently, I agree with the ALJ's conclusions that Velasquez's complaints of pain are not fully supported by her medical records. (R. 54-55) Velasquez's physician reports all pre-dated her surgery and do not reflect the increase in her functional abilities. The ALJ's assignment of sedentary work with additional restrictions more than accommodates Velasquez's impairments. The decision is supported by substantial evidence of record.

    Consequently, I find no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIAN BEARDSLEY VELASQUEZ )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>)<br>    Defendant. ) | Civil Action No. 20-43 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 29th day of April, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 18) is GRANTED and the Motion for Summary Judgment (Docket No. 17) is DENIED. It is further ORDERED that the Clerk of Court mark this case "Closed" forthwith.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge